UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHERINE JARRELL,

           Plaintiff,

v.                                       Case No:  8:20-cv-534-T-60AEP

ANDREW M. SAUL,
Commissioner of Social Security,

           Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a Complaint, seeking injunctive relief or, alternatively, a writ of mandamus against the Commissioner of Social Security (the "Commissioner") regarding the Social Security Administration's ("SSA") failure to appoint a Representative Payee to pay Plaintiff her Social Security Supplemental Security Income Benefits ("SSI") awarded to her policy (Doc. 1).  Subsequently, the Commissioner filed a Motion to Dismiss (Doc. 19), arguing that the Complaint should be dismissed because Plaintiff failed to demonstrate that subject matter jurisdiction exists with respect to the issues raised by Plaintiff and that Plaintiff failed to exhaust her administrative remedies prior to initiating this action.  In response, Plaintiff asserted that jurisdiction exists and that she should be permitted to proceed on her claims in this action (Doc. 21).  A hearing on the matter was held on August 11, 2020. After the hearing, Plaintiff filed a Motion to Amend (Doc. 25) her Complaint and the Commissioner filed his Response in Opposition thereto (Doc. 26). For the following reasons, it is recommended that Defendant's Motion to Dismiss (Doc. 19) be granted and Plaintiff's Motion to Amend (Doc. 25) be denied.

## I.      Background

In 2018, SSA found Plaintiff to be disabled and awarded her SSI benefits. SSA also determined that a Representative Payee must be appointed to handle the allocation of Plaintiff's benefits. (Doc. 1, at 1-2). Plaintiff's father, Emmanuel Jarrell, and sister, MJ, were both denied appointment as Plaintiff's Representative Payee. (*Id*. at 2). Plaintiff contends that she has yet to be paid her SSI benefits and the SSA has not appointed a Representative Payee to date. Subsequently, Plaintiff initiated the instant action by filing her Complaint for Writ of Mandamus and Injunctive relief (Doc. 1). Essentially, Plaintiff contends that SSA has a non-discretionary duty to pay Plaintiff her past due and current SSI benefits and the failure to appoint a Representative Payee is a refusal to act. (Doc. 1, at 3). In response, the Commissioner filed his Motion to Dismiss (Doc. 19), arguing that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) and h(3), Federal Rules of Civil Procedure, as the Court lacks subject-matter jurisdiction to consider the issues raised by Plaintiff. Namely, the Commissioner contends that Plaintiff cannot establish federal question jurisdiction, mandamus jurisdiction, or jurisdiction pursuant to 42 U.S.C. § 405(g) because no final decision has been made and Plaintiff has not exhausted her administrative remedies. A hearing on the matter was held on August 11, 2020. At the hearing, Plaintiff specified that she is solely contending that the Commissioner has not appointed her a Representative Payee in a timely manner and she is seeking the Court to impose an Order requiring the Commissioner to appoint one. The Commissioner, however, explained that SSA has been actively seeking a Representative Payee for Plaintiff and that the process is ongoing. After the hearing, Plaintiff filed a Motion to Amend (Doc. 25) seeking to amend the Complaint to include additional procedural directives of the SSA regarding the payment of benefits when no Representative Payee has been appointed. The Commissioner filed his Response in Opposition thereto (Doc. 26) reaffirming his jurisdictional arguments and

contending that there is no clear nondiscretionary duty owed to Plaintiff here.[1] Upon consideration of the record, the undersigned recommends that Defendant's Motion to Dismiss (Doc. 19) be granted and Plaintiff's Motion to Amend (Doc. 25) be denied.

## II.      Standard of Review

"[S]ubject matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *United States v. Cotton*, 535 U.S. 625, 630 (2002). Plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). Should the Court determine that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III.     Discussion

### A.      42 U.S.C. § 405(g)

In this instance, Plaintiff cannot establish subject matter jurisdiction under 42 U.S.C § 405(g) over her claim. To establish subject matter jurisdiction under 42 U.S.C. § 405(g), a plaintiff must seek a "final decision" from the Commissioner of Social Security. *See Weinberger v. Salfi*, 422 U.S. 749, 763 (1975); *see also Heckler v. Ringer*, 466 U.S. 602 (1984).

As established by the record and Plaintiff's contentions at the hearing, Plaintiff is seeking relief against the Commissioner for the failure to appoint her a Representative Payee. Notably, Plaintiff is not seeking judicial review of the administration's decision to deny appointment of her father and sister as her Representative Payee. Rather, Plaintiff is contending that the Commissioner has failed to appoint her a Representative Payee in a timely manner. The Court makes no comment as to whether that contention is accurate, however, the Court only

---

[1]It should be noted that the Commissioner asserts that SSA does not owe Plaintiff a nondiscretionary duty to pay her SSI benefits because the Agency is currently undergoing the review process to determine if Plaintiff qualifies for SSI benefits for the period of January 2019, a month after her 18th birthday, to present. (Doc. 26, at 2-3).

acknowledges that the Administration's review and appointment process is ongoing and as such, there is no final decision of the Commissioner for the Court to review. Since there is no final decision of the Commissioner, Plaintiff has not established jurisdiction over her claim under § 405(g). *Weinberger,* 422 U.S. at 763.

Further, even if Plaintiff is seeking judicial review of the Commissioner's decision to deny her father and sister as her Representative Payee, Plaintiff can still not establish jurisdiction under § 405(g). Notably, Plaintiff did not appeal the decision of the SSA declining to appoint her father or sister as Plaintiff's Representative Payee. 42 U.S.C. § 405(j)(2)(E)(i) provides that:

> Any individual who is dissatisfied with a determination by the Commissioner of Social Security to certify payment of such individual's benefit to a representative payee under paragraph (1) or with the designation of a particular person to serve as representative payee shall be entitled to a hearing by the Commissioner of Social Security to the same extent as is provided in subsection (b), and to judicial review of the Commissioner's final decision as is provided in subsection (g).

Therefore, under the agency's regulations, Plaintiff had rights to appeal the determination of the agency's decision to not appoint her father or her sister as her Representative Payee. *See id.; see also*  20 C.F.R. § 416.1402(d)(e) (initial determinations include . . . whether the payment of your benefits will be made, on your behalf to a representative payee; and who will act as your payee . . . .). Thus, Plaintiff has failed to establish that she has exhausted her administrative remedies. *See Tutuianu v. Comm'r of Soc. Sec.*, Case No. 6-cv-2823JG, 2007 WL 1875556, at *1 (E.D.N.Y. June 29, 2007) (holding that the court did not have jurisdiction to review the Commissioner's representative payee decision because the plaintiff did not demonstrate "that he presented his claim for a hearing by an administrative law judge or review by the Appeals Council"); *Laurie Q. v. Callahan*, 973 F. Supp. 925, 932 (N.D. Cal. 1997)(holding that plaintiffs must "submit their representative payee claims to the

Commissioner before" seeking judicial review). As such, Plaintiff has not exhausted her administrative remedies as to the denial of her father and sister as her Representative Payee, but most importantly, she has not received a final appealable decision as to the appointment of a Representative Payee, therefore she cannot establish jurisdiction under § 405(g).

### B.      Mandamus

Plaintiff also seeks a writ of mandamus over the Administration's failure to timely appoint her a Representative Payee. Under 28 U.S.C. § 1361, district courts possess "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus constitutes an "extraordinary remedy" only to be used in the "clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (citation and quotation omitted). The question a court must consider is whether mandamus provides an appropriate means of relief. *Id.* at 1258. Namely, mandamus provides an appropriate means of relief when: (1) the plaintiff possesses a clear right to the relief requested; (2) the defendant maintains a clear duty to act; and (3) no other adequate remedy is available to the plaintiff. *Id.* (citation and quotation omitted). "Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

The Eleventh Circuit has not definitively determined whether mandamus jurisdiction is barred by 42 U.S.C. § 405(h). *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 n.3 (11th Cir. 2004). Even assuming, *arguendo*, that 28 U.S.C. § 1361 provides a basis for the Court's jurisdiction over Plaintiff's claims, Plaintiff failed to establish that she had no other adequate remedy available to her and that she exhausted all other avenues of relief. As stated, Plaintiff has not received a final decision from the Commissioner. Further, even if she

sought to review the decision of the Commissioner declining to appoint her father and sister as her Representative Payee, Plaintiff still failed to seek review from the Appeals Council before seeking judicial review. Accordingly, as this Court has determined, Plaintiff has not exhausted all other avenues of relief, therefore her claim for a writ of mandamus fails and the Court does not have jurisdiction over Plaintiff's claim.

### C.      Motion to Amend

On August 24, 2020, Plaintiff filed a Motion to Amend (Doc. 25) seeking leave to amend her complaint and petition for mandamus to include the SSA program operation manual that discusses that if no appointment of a Representative Payee has been made, current benefits must be immediately paid to the incapable beneficiary, unless an exception applies. (*Id*. at 1). The Commissioner filed his Response in Opposition (Doc. 26) reaffirming his jurisdictional arguments and provided further contentions regarding SSA's lack of duty owed to Plaintiff. As this Court already explicitly determined, Plaintiff's claim for a writ of mandamus fails and the Court does not have jurisdiction over her claim under 42 U.S.C. § 405(g). It is unclear how the addition of the SSA operation manual regarding immediate payment of SSI benefits would change or alter the Plaintiff's ability to seek a writ of mandamus or establish subject matter jurisdiction over her claims under § 405(g). Again, Plaintiff is alleging that the Commissioner failed to timely appoint a Representative Payee. As the Court has explained, this does not warrant judicial review as it is apparent the SSA is currently working to select a Representative Payee for Plaintiff. Therefore, there is no final decision for this Court to review as required under § 405(g) and as such, Plaintiff's request to amend her complaint should be denied.

### IV.    Conclusion

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1.  Plaintiff's Motion to Amend (Doc. 25) be DENIED;

2. The Commissioner's Motion to Dismiss (Doc. 19) be GRANTED;

3. The Court dismiss Plaintiff's complaint and direct the Clerk to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 27th day of October, 2020.


ANTHONY E. PORCELLI
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation 's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:     Hon. Thomas P. Barber.
        Counsel of Record